# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| LINDA ALVAREZ, | * | No. 16-1438V |
| | * | Special Master Christian J. Moran |
| Petitioner, | * | |
| v. | * | |
| | * | Filed: May 1, 2018 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Attorneys' fees; reasonable basis. |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * *

Randall G. Knutson, Knutson & Casey Law Firm, Mankato, MN, for petitioner;
Althea W. Davis, United States Dep't of Justice, Washington, DC, for respondent.

## PUBLISHED DECISION DENYING ATTORNEYS' FEES AND COSTS[1]

On September 5, 2017, the undersigned issued a decision denying compensation. Petitioner Linda Alvarez then filed an application for attorneys' fees and costs. For the reasons set forth below, the undersigned finds the petition was not supported by a reasonable basis and DENIES petitioner's request for attorneys' fees and costs.

### I. Brief Factual and Procedural History

At the age of 28, Ms. Alvarez had a medical history that included, among other conditions, bipolar disorder and obesity. On November 13, 2013, she received the influenza ("flu") vaccination. On January 7, 2014, she underwent gastric bypass surgery.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

On April 4, 2014, she told her doctor that she started to experience numbness on her face, arms, and legs that morning. In other April appointments, she also reported numbness and weakness. On April 29, 2014, she was diagnosed with Guillain-Barré syndrome ("GBS").

According to an attorney's timesheet Ms. Alvarez submitted with her pending motion, she consulted her counsel of record, Randall Knutson, on September 30, 2015. A paralegal collected medical records and Mr. Knutson periodically reviewed them. Through Mr. Knutson, Ms. Alvarez filed the petition on November 1, 2016, and medical records approximately two weeks later. The petition set forth the same chronology of events as above (see Pet. ¶¶ 4-7), and alleged that the flu vaccine caused Ms. Alvarez's GBS.

The Secretary addressed the petition's allegations. The Secretary noted that the interval between the vaccination and the apparent onset of neurologic problems — "roughly five months" — "is medically unreasonable to infer that the vaccine was the cause of the GBS." Resp't's Rep., filed pursuant to Vaccine Rule 4, on March 27, 2017, at 12. The Secretary also commented that Ms. Alvarez had not identified any treating doctors who had opined that the vaccine caused her GBS and had not obtained an expert report.

Ms. Alvarez was ordered to obtain an expert report. However, she filed a status report stating that a preliminary expert report was not favorable. Pet'r's Status Rep., filed July 17, 2017. She filed a motion to dismiss her petition. A decision denying compensation was issued. Decision, 2017 WL 4365058 (Sept. 5, 2017).

On January 2, 2018, Ms. Alvarez filed the pending motion for attorneys' fees and costs, requesting $25,958.97. The supporting documents address the amount requested in fees and costs. The motion does not provide any argument for why she is eligible for an award of attorneys' fees and costs.

The Secretary opposes an award of any amount of attorneys' fees and costs. The Secretary argues Ms. Alvarez "has provided no evidence to satisfy the [Vaccine] Act's objective reasonable basis standard." Resp't's Opp'n, filed Jan. 12, 2018, at 4.

Ms. Alvarez filed a reply arguing that "Counsel had a reasonable basis to file the petition." Pet'r's Reply, filed Jan. 17, 2018, at 6. In support of his reasonable basis, Mr. Knutson submitted a declaration in which he attests to several items, including the following: (1) that Ms. Alvarez, his client, told him that she received the flu vaccine in December 2013 and started having symptoms in February 2014, and (2) that Ms. Alvarez told him that Dr. Gutierrez, one of her treating doctors, told her that the flu vaccination caused her GBS. Ms. Alvarez contends that at the time the petition was filed on November 1, 2016, which was 13 days before the expiration of the statute of limitations, "Petitioner and counsel had a good faith belief and legitimate hope that a medical opinion from her treating physicians or an expert would be forthcoming." Pet'r's Reply, filed Jan. 17, 2018, at 6.

The matter is now ripe for adjudication.

## II. Standards for Adjudication

Even when a petitioner in the Vaccine Program does not prevail on his or her claim and does not receive compensation, a special master may award reasonable attorneys' fees and other costs if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1).

"Good faith" is a subjective standard. Hamrick v. Sec'y of Health & Human Servs., No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she honestly believes that a vaccine injury occurred. Turner v. Sec'y of Health & Human Servs., No. 99-544V, 2007 WL 4410030, at * 5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). The Secretary does not contest that the petition was filed in good faith. Resp't's Opp'n at 3 n.3. In contrast, the Secretary does contest the reasonable basis for this petition.

The Federal Circuit emphasized that reasonable basis concerns "the claim for which the petition was brought." Simmons v. Sec'y of Health & Human Servs., 875 F.3d 632, 636 (Fed. Cir. 2017) (emphasis in original).[2] The evaluation of reasonable basis "is an objective inquiry unrelated to counsel's conduct." Id.

---

[2] Although the Secretary cited Simmons in his opposition, Ms. Alvarez does not discuss that binding Federal Circuit precedent in her reply. Instead, she cites to several non-precedential decisions without explaining how the phrases she extracts from those decisions remain viable after Simmons.

3

An "objective inquiry" is an examination of evidence.  See Chuisano v. Sec'y of Health & Human Servs., No. 07-452V, 2013 WL 6234660, at *8-10 (Fed. Cl. Spec. Mstr. Oct. 25, 2013), mot. for rev. denied, 116 Fed. Cl. 276 (2014).  Evidence that is relevant to determining whether there is reasonable basis for a claim may include medical records, affidavits from percipient witnesses, and opinions from retained experts.  See 42 U.S.C. § 300aa–11(c).

"The burden is on the petitioner to affirmatively demonstrate a reasonable basis."  McKellar v. Sec'y of Health & Human Servs., 101 Fed. Cl. 297, 305 (2011), decision on remand vacated, 2012 WL 1884703 (May 3, 2012).

### III.  Discussion

Preliminarily, Ms. Alvarez has focused on the wrong issue.  Her arguments attempt to demonstrate that her attorney had a reasonable basis for filing the petition.  The Federal Circuit has rejected an argument that an attorney's actions can supplant an analysis whether there was "a reasonable basis for the merits of the petitioner's claim."  Simmons, 875 F.3d at 636.

Here, the crux of Ms. Alvarez's claim is that the November 13, 2013 flu vaccination caused her to suffer GBS, which began in April 2014.  At best, Ms. Alvarez has established a temporal sequence in which the vaccination preceded the onset of her condition.  But, to establish reasonable basis, "[t]emporal proximity is necessary, but not sufficient."  Chuisano v. Sec'y of Health & Human Servs., 116 Fed. Cl. 276, 287 (2014).  Ms. Alvarez has not identified any evidence to support a causal connection between the two events.  Moreover, there was evidence of a potential alternative cause of Ms. Alvarez's GBS, her gastric bypass surgery in January 2014.  The absence of evidence means that there is no basis (reasonable or otherwise) for the claim set forth in the petition.  Without any evidence, Ms. Alvarez fails the "objective inquiry" mandated by the Federal Circuit.  Ms. Alvarez, therefore, does not satisfy the reasonable basis standard.

Regardless of whether they are in the form of an affidavit, the statements of Ms. Alvarez's attorney do not assist her in meeting the reasonable basis standard.  First, the Vaccine Act requires that special masters determine whether preponderant evidence supports the claim in the petition by looking at "medical records" or "medical opinion."  42 U.S.C. § 300aa-13(a)(1).  In doing so, Congress

distinguished "medical records" and "medical opinion" from the "unsubstantiated" claims of a petitioner alone. Id. Because Congress tied the reasonable basis standard to the "claim for which the petition was brought," 42 U.S.C. § 300aa-15(e), the same types of evidence are relevant when looking at reasonable basis. See Chuisano, 2013 WL 6234660, at *8-10 (analyzing statutory requirements for filing a petition). Here, Mr. Knudsen's statement that Ms. Alvarez told him that Dr. Gutierrez told her that the flu vaccine caused her GBS is neither a "medical record" nor a "medical opinion."[3]

      Second, it cannot be the case that an attorney's rendition, even under oath, that "someone with a medical degree told me the vaccine harmed my client" satisfies an objective inquiry. If the bar separating cases with a reasonable basis from cases lacking a reasonable basis were set so low that an attorney's self-interested statement by itself could clear that threshold, the statutorily created distinction would be meaningless. See Chuisano, 2013 WL 6234660, at *23; but see Cottingham v. Sec'y of Health & Human Servs., No. 15-1291V, 2017 WL 6816709 (Fed. Cl. Spec. Mstr. Dec. 12, 2017) (finding, pursuant to a remand issued before Simmons, that petitioner's affidavit satisfies the reasonable basis standard), mot. for rev. filed (Jan. 10, 2018).

      For these reasons, Ms. Alvarez has not established "a reasonable basis for the claim for which the petition was brought." This showing is a condition for an award of attorneys' fees and costs to a non-prevailing party. Without this showing, Ms. Alvarez is not eligible for an award of attorneys' fees and costs. Given this outcome, there is no reason to determine whether the requested amount of attorneys' fees and costs is reasonable.

---

[3] Moreover, Ms. Alvarez's statement, which her attorney recounts in his affidavit, about the temporal sequence is incorrect. Although Mr. Knutson attests that Ms. Alvarez told him that she received the flu vaccination in December, she actually received it in November. Likewise, although Mr. Knutson attests that Ms. Alvarez told him that she started having problems in February, the medical records and the petition indicate that her neurologic problems began in April.

## IV. **Conclusion**

Ms. Alvarez's request for attorneys' fees and costs is DENIED. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.